[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12231

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00955-CV-J-99-MCR

TRASK B. FELTON,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2005)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Trask B. Felton ("Felton") appeals the district court's dismissal of his 28

U.S.C. § 2254 petition as time-barred under the Antiterrorism and Effective Death

Penalty Act, 28 U.S.C § 2244 (the "AEDPA").

This court granted Felton's motion for a certificate of appealability on the

following issue only:

> Whether the district court erred by concluding that the
> one-year statute of limitations for filing Appellant's 28
> U.S.C. § 2254 petition was not tolled after the state court
> entered its order denying Appellant's motion for a
> rehearing on his state habeas corpus petition, even
> though the state court never issued its mandate on
> Appellant's state habeas corpus petition.

At issue in this case is the period during which the statute of limitations was

tolled because of the pendency of Felton's petition for a writ of habeas corpus in

Florida's First District Court of Appeal.[1]  Felton filed the petition on December 2,

2002.  It was denied on April 28, 2003, and Felton's motion for rehearing was

denied on June 12, 2003.  No mandate ever issued.  Felton filed his 28 U.S.C. §

2254 petition on November 6, 2003.  He contends that, because no mandate

---

[1]In their initial appellate briefs, both parties agreed on the relevant dates.  At oral argument and in supplemental briefing, though, the State pointed out that the December 2, 2002 petition was dismissed for failure to serve the state with a copy of the petition.  The First District Court of Appeal reinstated the petition on April 7, 2003.  Eliminating the time between December 2, 2002 and April 7, 2003 would increase the time by which Felton's ultimate federal petition for habeas relief was untimely by 126 days, meaning that the petition would have been filed 227 days too late.  This fact would render the 147 days of potential equitable tolling irrelevant.  However, since the result will be the same whether or not we consider the State's new argument, we decline to consider it and assume arguendo that the earlier filing date of December 2, 2002 applies.

issued, the statute was tolled from the date he filed his state habeas petition until the date he filed his federal habeas petition, or, alternatively, that the court should have equitably tolled the statute during the 147-day period following the denial of his motion for rehearing in the state habeas proceeding.

Felton argues that he never had actual notice of the finality of the district court of appeal's ruling on his motion for rehearing because a mandate never issued following the court's ruling denying the motion. The State contends that this state habeas petition was an original proceeding in the court of appeal, and that Florida law does not require a mandate in such a proceeding.

We agree with the State. Felton grounded his state habeas petition on claims of ineffective assistance of appellate counsel. The Florida Rules of Appellate Procedure treat such a filing as an original proceeding. Fla. R. App. P. 9.141(c). This treatment is both appropriate and understandable because the petition effectively asks the appellate court to allow a new appeal, not to mandate action in a lower court or by any state executive officer. The appellate court could not issue a mandate in this case because there was no lower court or person to which the court could direct a mandate.

The Florida Rules of Judicial Administration clearly contemplate court actions not requiring a mandate, and they provide procedures for alternative notice

3

to the parties in cases that end without a mandate. Fla. R. Jud. Admin. 2.040(b)(4). In such cases, a party receives notice of finality of the court's decision by receipt of a copy of the order or judgment. In this case, the state court's order denying the petition included the statement, "NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND DISPOSITION THEREOF IF FILED." Felton did file a motion for rehearing of the petition, and the court sent him notification of its denial of the motion on June 12, 2003. The tolling of the statute of limitations ceased upon denial of the motion for rehearing because no mandate was required. Accordingly, Felton's federal habeas petition was untimely.

Felton contends that even if his federal petition was untimely, his delay was excusable and justifies equitable tolling in his favor. To establish a basis for equitable tolling, a party must establish that (1) some extraordinary circumstance prevented his timely filing, despite that fact that (2) he has been diligent in pursuing his rights. *Pace v. DiGugliemo*, 543 U.S. __, 125 S. Ct. 1807, 1814 (2005); *Wade v. Battle*, 379 F.3d 1254, 1264 (11th Cir. 2004). Felton argues that he "diligently waited" for a mandate to issue and that the failure to issue one constituted an extraordinary circumstance that justifies his delay. We have already noted, however, that the state court's order became final upon denial of Felton's

4

motion for rehearing, and that the court sent notice of its decision to Felton on June 12, 2003. Despite this notice, Felton did not file his federal habeas petition until some 147 days later. Thus, even if the court's failure to issue a mandate is deemed extraordinary (and we do not think it is), Felton's 147-day delay forecloses a finding that he exercised the required due diligence.

The judgment of the district court dismissing Felton's 28 U.S.C. § 2254 petition as time-barred is

AFFIRMED.